**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY D. JOHNSON, #1333983,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0119-D |
| | ) | |
| **TEXAS UTILITY INSURANCE** | ) | |
| **COMPANY, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Middleton Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Abilene, Texas. Defendants are Texas Utility Insurance Company and one of its employees, James Henery. The court has not issued process in this case, pending preliminary screening.

Statement of Case:  Plaintiff seeks to sue Defendant Texas Utility Insurance Company for the action of one of its employees, James Henery. He alleges that Henery purposefully ran over him when "backing out of Mrs. McCarthy Fence" at 12 a.m. on December 7, 2004. Plaintiff allegedly endured serious injuries to his upper and lower spine, left elbow, and both knees. He

requests monetary relief in the sum of $250,000 for his pain and suffering.

Findings and Conclusions:  Before addressing Plaintiff's claims, the court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1]  That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation.  Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Scott v. Moore, 85 F.3d 230, 233 (5th Cir. 1996); Thibodeaux v. Bordelon, 740 F.2d 329, 332 (5th Cir. 1984).  Defendant Texas Utility Insurance Company and its employee, James Henery, are private citizens.  As such their conduct is not cognizable under § 1983.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint

---

[1]  42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

fails to allege a federal question arising under the Constitution or federal law. The complaint merely complains about injuries sustained as a result of a traffic accident.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. See 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and Defendants Texas Utility Insurance Company and James Henery are citizens of the State Texas. Therefore, Plaintiff's complaint should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of January, 2006.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.